W. H. COOPER AND WIFE V. HUGO FRANCIS.

1. After the defendant in a civil action for slander had closed his evidence, plaintiffs offered evidence of general good character in rebuttal of testimony of bad character offered by the defendant ; but this evidence was excluded on the ground that the plaintiffs had closed their case. *Held*, to be error. The plaintiffs were not called upon to prove their good character until the defendant cast suspicion upon it.
2. See this case for rulings on demurrer to evidence.
3. On the trial of a civil action for slander, the defendant demurred to the plaintiffs' evidence, and the court, after hearing defendant's counsel on the demurrer, refused to hear the counsel for the plaintiffs and sustained the demurrer. *Held*, to be error.

APPEAL from Chambers. Tried below before the Hon. William Chambers.

The head-notes and opinion of the court sufficiently indicate the facts of the case.

*J. B. Simpson* and *W. Branch*, for the appellants.

No brief for the appellee has reached the hands of the reporter.

OGDEN, J. Suit was instituted by appellants against the appellee, in the District Court, for damages, general and special, resulting from false and malicious slanders. On the trial of the cause, a jury was empaneled, and the plaintiffs proceeded to introduce their testimony to sustain the allegations of their petition, which consisted wholly in verbal statements and evidence ; and after the plaintiffs and defendant had closed their testimony, the defendant demurred to the evidence, and the court, refusing to hear counsel for appellants on the demurrer, sustained the same, and, withdrawing the case from the jury, dismissed the suit at appellants' cost; from which judgment an appeal is taken to this court.

The appellants have assigned several errors for the reversal of the judgment, but it is not deemed necessary to notice more than two or three of which, in order to a proper disposition of the case. It appears from a bill of exceptions, that after the defendant had closed his testimony, the plaintiffs offered to introduce evidence of a general good character, in rebuttal to testimony of bad character by the defendant, which testimony the court ruled out and refused to let the same go to the jury. This was clearly erroneous. The defendant first raised the question of bad character, and was permitted to introduce evidence to establish that fact ; and it was the undoubted right of appellants to be heard by their witnesses in that respect, and it is no answer to that just request that they had closed their testimony, as they were not called upon to prove a good character until the defendant by his testimony had attempted to cast suspicion upon it.

We also think the court erred in withdrawing the case from the jury upon the demurrer to the evidence, without a joinder in the demurrer, or until the defendant had admitted every fact and conclusion which the evidence conduced to prove (Booth *v.* Cotton, 13 Texas, 362) ; and even then, it would require the consent of both parties, in order to authorize the court to withdraw a case from the jury ; when there had been any competent evidence to establish the allegations of the petition. When there has been no competent evidence adduced, it might become the duty of the court, upon a demurrer to the evidence, to withdraw the case from the jury ; and even when no demurrer is interposed, it is within the province of the court to charge the jury that there is no evidence to sustain the prosecution, and that they must find for the defendant. But we do not understand this to be a case calling for such action by the court in either event. There certainly was some evidence tending to prove the charges made against the defendant, and there may have been some by the defendant, tending to disprove a part of the allegations, and to justify others ; and it was the province of the jury to judge of the weight which should be given to that evidence.

There is also error in the court's refusal to hear counsel for plaintiff upon the demurrer, after having heard the counsel for the opposite party. That appears too much like condemning a party without granting the right to be heard. We are inclined to think that there is some error in this exception, or, at least, that it is susceptible of a different aspect under proper explanation, as we would be slow to believe that the honorable judge who presided at this trial would, without a good and sufficient cause, refuse to hear counsel in a clear case of right, and then decide a cause against him. But, for the errors herein indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.